797 A.2d 137

DI MARIA CONSTRUCTION, INC., PLAINTIFF–RESPONDENT,
v. INTERARCH, SHIRLEY HILL AND RAYMOND A.
KLUMB, DEFENDANTS–APPELLANTS.

Argued February 13, 2002—Decided May 21, 2002.

*Joel H. Sterns* argued the cause for appellants (*Sterns & Weinroth*, attorneys; *Mark D. Schorr* and *Mitchell A. Livingston*, on the briefs).

*Ellis I. Medoway* argued the cause for respondent (*Archer & Greiner*, attorneys; *Mr. Medoway* and *Arthur H. Jones, Jr.*, on the brief).

PER CURIAM.

This case arises out of a construction contract between Commerce Bank, N.A. (Commerce) and Di Maria Construction, Inc. (DiMaria). DiMaria claimed that Commerce had breached the contract. A panel of arbitrators from the American Arbitration Association (AAA) found in DiMaria's favor. Accordingly, the arbitrators ordered Commerce to pay DiMaria an amount relating to specified phases of the construction project, and to pay a separate amount more generally reflecting "damages suffered by [DiMaria] related to all other contractual topics." That award was confirmed in the Law Division and affirmed on appeal. *Commerce Bank v. DiMaria Constr., Inc.*, 300 *N.J.Super.* 9, 13, 21, 692 *A.*2d 54 (App.Div.), *certif. denied,* 151 *N.J.* 73, 697 *A.*2d 546 (1997), *cert. denied,* 522 *U.S.* 1116, 118 *S.Ct.* 1053, 140 *L.Ed.*2d 116 (1998).

Following the arbitrators' award, DiMaria filed this action against Interarch, Shirley Hill, and Raymond A. Klumb (defendants) in the Law Division, alleging tortious interference with the prior construction contract and interference with its prospective economic advantage. At the time of the contract, defendants acted as agents of Commerce. The jury found in DiMaria's favor, awarding both compensatory and punitive damages.

We granted defendants' petition for certification, 170 *N.J.* 86, 784 *A.*2d 719 (2001), to review, among other things, their contention that DiMaria was barred from recovering lost profits in its

Law Division action because the arbitrators had included such relief in their prior award. The Appellate Division rejected that contention, concluding that "there was no overlap between the arbitration award and the judgment, and DiMaria is entitled to both." *DiMaria Constr., Inc. v. Interarch,* 351 *N.J.Super.* 558, 575, 799 *A.*2d 555, 565 (App.Div.2001). The panel resolved all other issues raised by defendants.

We affirm the judgment of the Appellate Division substantially for the reasons expressed in that court's thorough and persuasive opinion. We add only the following.

If DiMaria's prior arbitration award had described more fully the "other contractual topics" on which it founded relief, the present dispute might have been avoided. We thus urge arbitrators to describe with greater specificity the claims that they intend to cover or include in their awards. Such specificity would reduce the likelihood of unnecessary litigation and, in our view, would not trespass on the internal rules of the AAA. *See, e.g.,* American Arbitration Association, *Construction Industry Dispute Resolution Procedures,* R–45 (revised and in effect on July 1, 2001), *available at* http://www.adr.org/ (last visited Apr. 10, 2002) ("The arbitrator shall provide a concise, written breakdown of the award.")

The judgment of the Appellate Division is affirmed.

*For affirmance*—Chief Justice PORITZ and Justices COLEMAN, LONG, VERNIERO, LaVECCHIA and ZAZZALI—6.

*Opposed*—None.