**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3481-17T1

THE ORCHARDS AT
BARTLEY ASSISTED
LIVING,

     Plaintiff-Appellant,

v.

PATRICIA SCHLECK, by
and through her attorney in
fact WILLIAM SCHLECK,
and WILLIAM SCHLECK,
individually,

     Defendants-Respondents.

_____

       Argued February 11, 2019 – Decided March 13, 2019

       Before Judges Sumners and Mitterhoff.

       On appeal from Superior Court of New Jersey, Law Division, Ocean County, Docket No. L-2761-17.

       Pamela M. Snyder argued the cause for appellant (Bolan Jahnsen Dacey, attorneys; Kevin S. Englert, on the brief).

Christopher D. Olszak argued the cause for respondent (Davison, Eastman, Muñoz, Lederman and Paone, PA, attorneys; Christopher D. Olszak, on the brief).

PER CURIAM

Plaintiff The Orchards at Bartley Assisted Living ("Orchards") appeals from the Law Division's December 6, 2017 order dismissing its complaint against defendant William Schleck with prejudice for failure to state a claim upon which relief may be granted. R. 4:6-2(e). For the reasons that follow, we affirm in part and reverse and remand in part.

We glean the relevant facts from the allegations in plaintiff's complaint, treating those allegations as true and extending to plaintiff all favorable inferences. See Craig v. Suburban Cablevision, Inc., 140 N.J. 623, 625-26 (1995).

Orchards is the owner and operator of an assisted listed facility. Patricia Schleck was a resident at Orchards' facility from November 16, 2012 until her departure on January 18, 2017. William Schleck is the son of Patricia Schleck and was her attorney-in-fact while she resided at the Orchard's facility.

At the time of her admission to the facility, Ms. Schleck executed a resident agreement. The agreement provides, in pertinent part, "In the event that the Resident cannot maintain or obtain sufficient financial resources to meet the

Resident's charges and fees at The Orchards, the Resident may be discharged from The Orchards."   Similarly, the agreement provides, "Failure by the Resident to pay any charges shall result in termination of the Agreement and transfer of the Resident[.]"  Additionally, the agreement provides, "The Resident will vacate the Suite immediately upon the termination of the Agreement and agrees to promptly remove all of his/her property."

In addition to the admission agreement, Ms. Schleck executed a Medicaid Benefits Statement Addendum.  The addendum provides, in pertinent part, "The Orchards at Bartley's level of Medicaid participation is not fixed and no applicant or existing resident is guaranteed to be admitted or to remain in The Orchards at Bartley under Medicaid Benefits."

In July 2016, Ms. Schleck applied for Medicaid benefits.  On September 29, 2016, Orchards issued a discharge notice to Ms. Schleck because she had failed to pay outstanding charges.  Orchards alleges that after issuing the discharge notice, Orchards contacted Mr. Schleck to discuss moving Ms. Schleck out of the facility, but Mr. Schleck refused to pick up Ms. Schleck or move out her belongings.  Orchards also alleges that Mr. Schleck advised Ms. Schleck not to participate in discussions with Orchards regarding her discharge.

A-3481-17T1

On November 10, 2016, Orchards filed a verified complaint and order to show cause in the Chancery Division seeking to compel the discharge of Ms. Schleck and payment of fees past due to Orchards. The complaint also named Mr. Schleck and his attorney as defendants and sought to prevent them from interfering with the discharge of Ms. Schleck. On December 6, 2016, defendants moved to dismiss the complaint.[1] On December 16, 2016, the Chancery Division entered an order affording the parties the opportunity to serve limited interrogatories.

While the above litigation was taking place in the Chancery Division, Ms. Schleck filed a Chapter 7 petition in the U.S. Bankruptcy Court for the District of New Jersey in December 2016.[2] In January 2016, Ms. Schleck was approved for Medicaid benefits retroactive to November 1, 2016. The Orchards, however, did not accept Ms. Schleck as a resident under Medicaid benefits. On January 18, 2017, Ms. Schleck moved out of the Orchards' facility.

---

[1] In addition, on November 29, 2016, counsel for defendants in the Chancery action sent Orchards' counsel a letter demanding that Orchards withdraw its complaint for pursuing frivolous litigation in violation of Rule 1:4-8. The record does not reflect whether defendants filed a frivolous litigation letter with respect to the Law Division complaint at issue in this appeal.

[2] In March 2017, the Bankruptcy Court granted Patricia a discharge of her debts.

A-3481-17T1

On January 20, 2017, the Chancery Division entered an order permitting Orchards to file an amended complaint. Orchards did not file an amended complaint and instead voluntarily dismissed its complaint without prejudice.

On September 29, 2017, Orchard filed the instant complaint in the Law Division against Ms. Schleck and Mr. Schleck. The complaint alleged two counts against Ms. Schleck seeking to recover $2,716.77 in fees that were not covered by Medicaid and were incurred after the date of her bankruptcy petition. The complaint also alleged three counts against Mr. Schleck for breach of fiduciary duty, tortious interference with contractual relationship, and tortious interference with prospective economic advantage. Orchards sought to recover $17,585.12 from Mr. Schleck for charges incurred by Ms. Schleck from the September 29, 2016 notice of discharge to when she moved out on January 18, 2017.

On November 3, 2017, Mr. Schleck moved to dismiss the three claims against him with prejudice for failure to state a claim upon which relief can be granted pursuant to Rule 4:6-2(e). On December 6, 2017, the trial court issued a written opinion granting the motion and dismissing the three claims against Mr. Schleck with prejudice. The trial court found that Mr. Schleck did not owe any duty to Orchards to sustain the breach of the fiduciary duty claim. The trial

court also reasoned that "[e]ven if [Mr. Schleck] refused to cooperate with [p]laintiff's discharge procedure and actively encouraged Ms. Schleck to not remove herself from the facility, this conduct could not satisfy the unjustified and improper elements of the tortious interference claims."

Orchards appealed the trial court's dismissal of the three claims against Mr. Schleck.[3] On appeal, Orchards presents the following points for our review:

   I.   THE MOTION JUDGE ERRONEOUSLY DISMISSED ORCHARDS' CLAIM FOR INTERFERENCE WITH CONTRACTUAL RELATIONSHIP AGAINST [Mr. Schleck].

    A. Orchards has a protected interest.

    B. [Mr. Schleck] acted intentionally and without justification or excuse.

    C. Orchards allegations suggest a reasonable probability of receiving its anticipated economic benefits had [Mr. Schleck] not interfered with Orchards' contract with Patricia.

   II.   THE MOTION JUDGE ERRONEOUSLY DISMISSED ORCHARDS' CLAIM FOR BREACH OF FIDCIARY DUTY AGAINST [Mr. Schleck].

    A. [Mr. Schleck] owed a fiduciary duty to [Ms. Schleck].

---

[3] Ms. Schleck did not oppose the Law Division complaint. On March 10, 2018, the trial court entered an order for default judgment against Ms. Schleck in the amount of $2,793.88 plus interest.

A-3481-17T1

B. [Mr. Schleck] is liable to Orchards for breaching his fiduciary relationship with [Ms. Schleck].

III. THE MOTION JUDGE ERRONEOUSLY DISMISSED ORCHARDS' CLAIM THAT [Mr. Schleck] INTERFERED WITH ITS PROSPECTIVE ECONOMIC ADVANTAGE.

Having reviewed the record and applicable legal principles, we agree with the trial court the Orchards failed to state a claim upon which relief can be granted for breach of fiduciary duty. We find, however, that the trial court improvidently dismissed the claims for tortious interference with contract and for tortious interference with prospective economic advantage.

We review a grant of a motion to dismiss a complaint for failure to state a cause of action de novo, applying the same standard under Rule 4:6-2(e) that governed the motion court. Frederick v. Smith, 416 N.J. Super. 594, 597 (App. Div. 2010). We consider only "'the legal sufficiency of the facts alleged on the face of the complaint[.]'" Nostrame v. Santiago, 213 N.J. 109, 127 (2013) (quoting Printing Mart-Morristown v. Sharp Elecs. Corp., 116 N.J. 739, 746 (1989)).

The issue is simply "whether a cause of action is suggested by the facts." Velantzas v. Colgate-Palmolive Co., 109 N.J. 189, 192 (1988). In conducting this inquiry, "[p]laintiffs are entitled to every reasonable inference in their

favor." <u>Craig</u>, 140 N.J. at 626. We "'search[] . . . the complaint in depth and with liberality to ascertain whether the fundament of a cause of action may be gleaned even from an obscure statement of claim, opportunity being given to amend if necessary.'" <u>Printing Mart-Morristown</u>, 116 N.J. at 746 (quoting <u>Di Cristofaro v. Laurel Grove Mem'l Park</u>, 43 N.J. Super. 244, 252 (App. Div. 1957)).

Turning to the breach of fiduciary duty claim, we agree with the trial court that plaintiff's complaint fails to allege any facts which would give rise to a duty for Mr. Schleck to remove his mother from the facility. Indeed, Orchards does not allege that Mr. Schleck owed it any duty, instead contending that Orchards is entitled to recover for Mr. Schleck's alleged breach of his fiduciary duty to his mother as her attorney-in-fact. The cases cited by Orchards to support recovery by a third party for breach of a fiduciary duty, however, pertain to lawyers providing advice or making negligent misrepresentations to non-clients and are inapposite to the facts of this case. <u>See</u> <u>LoBiondo v. Schwartz</u>, 199 N.J. 62, 104-05 (2009); <u>Banco Popular N. Am. v. Gandi</u>, 184 N.J. 161, 183-86 (2005); <u>Petrillo v. Bachenberg</u>, 139 N.J. 472, 478-84 (1995). Therefore, we conclude that the breach of fiduciary duty claim fails as a matter of law and affirm the trial court's dismissal of this claim.

Turning to the tortious interference claims, we are constrained to reverse the trial court's dismissal of these claims based on a liberal reading of plaintiff's complaint. Both claims contain similar elements. "The tort of interference with a business relation or contract contains four elements: (1) a protected interest; (2) malice—that is, defendant's intentional interference without justification; (3) a reasonable likelihood that the interference caused the loss of the prospective gain; and (4) resulting damages." DiMaria Const., Inc. v. Interarch, 351 N.J. Super. 558, 567 (App. Div. 2001), aff'd o.b., 172 N.J. 182 (2002). The elements for a claim of tortious interference with prospective economic advantage are:

> One who intentionally and improperly interferes with another's prospective contractual relation (except a contract to marry) is subject to liability to the other for the pecuniary harm resulting from loss of the benefits of the relation, whether the interference consists of
>
> (a) inducing or otherwise causing a third person not to enter into or continue the prospective relation or
>
> (b) preventing the other from acquiring or continuing the prospective relation.
>
> [Nostrame, 213 N.J. at 122 (quoting Restatement (Second) of Torts § 766B (Am. Law Inst. 1979)).]

The trial court reasoned that because plaintiff alleged no facts supporting that Mr. Schleck had a legal duty to assist Orchards in removing Ms. Schleck from the facility, Mr. Schleck's conduct would not satisfy the unjustified or

9

improper elements of these claims. The inquiry into whether conduct is unjustified involves "an evaluation of the nature of and motive behind the conduct, the interests advanced and interfered with, societal interests that bear on the rights of each party, the proximate relationship between the conduct and the interference, and the relationship between the parties." Ibid. (citing Restatement (Second) of Torts § 767)). "[T]hese considerations are expressed as a balancing test for courts to apply in evaluating whether an act of interference is improper." Ibid.

Granting plaintiff all favorable inferences from its allegations that Mr. Schleck refused to pick Ms. Schleck up from the facility and advised Mr. Schleck to refuse to participate in any discussions with Orchards regarding her removal, Mr. Schleck's conduct may satisfy the unjustified element under this balancing test. Viewing the complaint liberally, Mr. Schleck's conduct may have been intended to benefit Mr. Schleck and to injure Orchards. We therefore conclude that the trial court erred in concluding that the allegations in plaintiff's complaint were insufficient as a matter of law to satisfy the unjustified element of the tortious interference claims.

We also find that plaintiff had adequately pleaded the remaining elements of the two tortious interference claims. Mr. Schleck contends that the complaint

fails to sufficiently plead damages because it fails to allege that there was any other prospective resident ready and able to rent the room where Ms. Schleck resided or that Orchards attempted to rent the room to a new tenant before Ms. Schleck was evicted. At the motion to dismiss stage, however, the lack of such allegations is not fatal to plaintiff's claim and plaintiff can later present proofs to substantiate its damages. We therefore reject Mr. Schleck's contention that plaintiff failed to sufficiently plead damages.

For these reasons, we reverse the trial court's dismissal of the claims for tortious interference with contractual relationship and tortious interference with prospective economic gain and remand for further proceedings. As stated above, however, we affirm the dismissal with prejudice of the claim for breach of fiduciary duty. To the extent we have not addressed any remaining issues, we find they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed in part, reversed and remanded in part. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3481-17T1