**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1763-24

PAL PARK BOYS, LLC,

      Plaintiff-Respondent,

v.

CITY OF HOBOKEN,
RAVINDER SINGH BHALLA,

      Defendants-Appellants.

_____

Argued October 28, 2025 – Decided December 30, 2025

Before Judges Gilson, Perez Friscia, and Vinci.

On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Docket No. L-4254-24.

Lori D. Reynolds argued the cause for appellants (Antonelli Kantor Rivera, PC, attorneys; Daniel Antonelli and Lori D. Reynolds, of counsel and on the briefs; Kathleen P. Ramalho, on the briefs).

Ryan P. Duffy argued the cause for respondent (Bocchi Law LLC, attorneys; Anthony S. Bocchi, of counsel and on the brief; Jennifer L. Bocchi, on the brief).

PER CURIAM

On leave granted, defendants, the City of Hoboken (the City) and its former Mayor Ravinder Singh Bhalla, appeal from a January 31, 2025 order, which denied defendants' motion to dismiss plaintiff's complaint for failure to file a timely notice of claim under the Tort Claims Act (TC Act), N.J.S.A. 59:1-1 to -12-3. We affirm because under the discovery rule, plaintiff's claim of tortious interference with a prospective contract did not accrue until it learned of the alleged malicious interference.

I.

We discern the facts from the motion record. Accordingly, we assume the allegations in plaintiff's complaint are true and afford those allegations every reasonable factual inference. Baskin v. P.C. Richard & Son, LLC, 246 N.J. 157, 171 (2021) (quoting Dimitrakopoulos v. Borrus, Goldin, Foley, Vignuolo, Hyman & Stahl, P.C., 237 N.J. 91, 107 (2019)). We recognize, however, that defendants vigorously dispute plaintiff's allegations.

Plaintiff is a limited liability company that owns a commercial building located at 1014 Washington Street in Hoboken. In late 2021, plaintiff was in discussions to lease its Washington Street building to Nature's Touch Med N.J., LLC (Nature's Touch). Around that same time, Nature's Touch applied for permission to operate a medical marijuana dispensary in the City. As part of its

2

application, Nature's Touch included a description of the proposed lease and represented that it would operate the dispensary at 1014 Washington Street.

On January 7, 2022, the City's Cannabis Review Board (the Board) reviewed Nature's Touch's application and issued a favorable recommendation to the City's mayor. On January 10, 2022, Mayor Bhalla refused to sign the required letter of support, effectively blocking Nature's Touch's application. Mayor Bhalla did not issue an explanation of his reasons for not supporting Nature's Touch's application.

Shortly thereafter, Nature's Touch decided not to lease plaintiff's Washington Street building. According to plaintiff, had the lease been executed it would have had a ten-year term with a five-year option to renew. The annual rent would have been $102,000, with three percent annual increases. The proposed lease also called for a four-month security deposit and entitled plaintiff to five percent of Nature's Touch's gross sales.

On May 17, 2024, a media outlet focusing on issues related to Hoboken published an article concerning a lawsuit filed by Pantaleo Pellegrini, the former Director of the Department of Health and Human Services for the City. On May 3, 2024, Pellegrini filed a complaint against the City and Mayor Bhalla alleging that he had been wrongfully terminated.

A-1763-24

According to Pellegrini's complaint, at a January 14, 2022 meeting, Mayor Bhalla had stated that he had received a call from Mayor Fulop of Jersey City and Mayor Fulop was "extremely upset and very angry" about the Board's decision to support Nature's Touch's application because Fulop's wife planned to open a medical cannabis dispensary in the City. At that same meeting, Mayor Bhalla allegedly stated that he would "quash" Nature's Touch's application and that, in exchange, Mayor Fulop promised to provide legal work for Mayor Bhalla's private law firm. Plaintiff also asserts that Mayor Fulop's wife is a co-owner of Story Dispensary of Hoboken, LLC (Story Dispensary) and on February 24, 2022, the City's Board approved Story Dispensary's application to operate a medical cannabis retail business in the City.

On August 5, 2024, plaintiff filed a notice of tort claim with the City. Less than six months later, on November 8, 2024, plaintiff sued the City and Mayor Bhalla, asserting a single cause of action for tortious interference with prospective economic advantage. Plaintiff alleges that had the Mayor not maliciously blocked Nature's Touch's dispensary application, Nature's Touch would have moved forward with the lease. Plaintiff also contends that their Washington Street building did not have a tenant from January 2022 to April 2023. Thus, plaintiff asserts that it suffered damages consisting of (1) lost rental

4

income in the amount of $137,020, (2) its five percent share of Nature's Touch's anticipated gross receipts from operating a cannabis dispensary in the City, and (3) "fifty percent of the assessed taxes on the building, which would have been paid by Nature's Touch under the lease."

Several months before plaintiff filed its action, Nature's Touch had moved to deem as timely, a notice of tort claim it had served on the City and Mayor in May 2024. Nature's Touch thereafter filed a complaint against the City and Mayor Bhalla, contending that the Mayor had tortiously interfered with their cannabis dispensary application. Shortly after filing its complaint, plaintiff moved to consolidate its action with Nature's Touch's action.

In response, defendants cross-moved to dismiss plaintiff's complaint under Rule 4:6-2(e). Defendants contended that plaintiff had failed to file a timely notice of tort claim under the TC Act and, therefore, the complaint should be dismissed with prejudice. Plaintiff opposed defendants' motion to dismiss and submitted a certification from counsel in which it contended that it only learned of the Mayor's alleged bribe and tortious interference on May 17, 2024, when the article concerning the Pellegrini lawsuit was published.

The trial court heard oral arguments on the motions on January 31, 2025. The court then denied defendants' cross-motion to dismiss explaining its reasons

5

on the record. The trial court reasoned that the discovery rule tolled the accrual of plaintiff's tortious interference claim until May 17, 2024. Consequently, the court also determined that the August 5, 2024 tort notice was timely because it was filed within ninety days on May 17, 2024. Additionally, the trial court determined that plaintiff had stated a viable tortious interference claim. Finally, the trial court denied plaintiff's motion to consolidate its action with Nature's Touch's action because Nature's Touch had already filed an appeal from the court's earlier order, which had determined that Nature's Touch's tort claim notice was timely.[1]

Defendants filed a notice of appeal from the January 31, 2025 order. They were directed to move for leave to appeal, which they did, and we granted leave.

## II.

On appeal, defendants make one primary argument, with several sub-arguments. They primarily contend that the trial court erred in not dismissing plaintiff's complaint for failure to file a timely tort claim notice. As part of that argument, defendants assert that plaintiff's tortious interference claim accrued in January 2022, when Nature's Touch failed to enter into the proposed lease

---

[1] We have addressed Nature's Touch's appeal in a separate unpublished opinion under Docket No. A-0722-24.

because its application to the City had been denied. They also argue that the trial court erred in relying on the discovery rule to toll the accrual of the cause of action and, in doing so, the trial court misconstrued certain cases. Additionally, defendants argue that plaintiff improperly failed to file a late tort claims notice under N.J.S.A. 59:8-9, and that failure is an independent ground for dismissing plaintiff's complaint. Finally, in their reply brief, defendants assert that, independent of the failure to file a timely tort claim notice, plaintiff's complaint failed to state a cause of action for tortious interference.

A.    Our Standard of Review.

Appellate courts use a de novo standard when reviewing an order dismissing a complaint for failure to state a claim upon which relief can be granted. Baskin, 246 N.J. at 171. When reviewing a motion to dismiss under Rule 4:6-2(e), we assume that the allegations in the pleadings are true and afford the pleader all reasonable factual inferences. Seidenberg v. Summit Bank, 348 N.J. Super. 243, 249-50 (App. Div. 2002). "[L]egal sufficiency requires allegation of all the facts that the cause of action requires." Cornett v. Johnson & Johnson, 414 N.J. Super. 365, 385 (App. Div. 2010), aff'd as modified, 211 N.J. 362 (2012), abrogated on other grounds by McCarrell v. Hoffman-La Roche, Inc., 227 N.J. 569, 590-91 (2017). Accordingly, courts should search

A-1763-24

the complaint "thoroughly 'and with liberality to ascertain whether the fundament of a cause of action may be gleaned even from an obscure statement of claim, opportunity being given to amend if necessary.'" Baskin, 246 N.J. at 171 (quoting Printing Mart-Morristown v. Sharp Elecs. Corp., 116 N.J. 739, 746 (1989)). "Where, however, it is clear that the complaint states no basis for relief and that discovery would not provide one, dismissal of the complaint is appropriate." J.D. ex rel. Scipio-Derrick v. Davy, 415 N.J. Super. 375, 397 (App. Div. 2010) (quoting County of Warren v. State, 409 N.J. Super. 495, 503 (App. Div. 2009)).

A central issue on this appeal is determining when plaintiff's claim of tortious interference accrued. To answer that question, we must evaluate the TC Act's requirements, including the requirement to provide a tort claim notice to the public entity.

B. The TC Act.

The TC Act waives the State's sovereign immunity subject to certain requirements and limitations. See N.J.S.A. 59:1-2 (explaining that "public entities shall only be liable for their negligence within the limitations of [the TC Act] and in accordance with the fair and uniform principles established" in the TC Act). "[G]enerally, immunity for public entities is the rule and liability is

the exception." McDade v. Siazon, 208 N.J. 463, 474 (2011) (quoting Fluehr v. City of Cape May, 159 N.J. 532, 539 (1999)).

To proceed with a tort claim against a public entity, a plaintiff must file a notice of claim within ninety days of the accrual of the cause of action. Ben Elazar v. Macrietta Cleaners, Inc., 230 N.J. 123, 133 (2017) (citing N.J.S.A. 59:8-8). A plaintiff may file a late notice of claim within one year of the accrual provided the plaintiff demonstrates extraordinary circumstances and that the public entity has not been substantially prejudiced. Ibid. (citing N.J.S.A. 59:8-9.) The failure to file within ninety days or within one year under extraordinary circumstances bars a claimant from bringing the tort claim against the public entity or its employees. Ibid. (citing N.J.S.A. 59:8-8(a)).

To determine if a claimant has provided timely notice, a court must determine the date on which the tort claim accrued. McDade, 208 N.J. at 475 (quoting Beauchamp v. Amedio, 164 N.J. 111, 118 (2000)) (explaining that "[t]he first task is always to determine when the claim accrued"). The TC Act "does not define the date of accrual in any significant way [but] the comment to [N.J.S.A. 59:8-1] states '[i]t is intended that the term accrual of a cause of action shall be defined in accordance with existing law in the private sector.'" Beauchamp, 164 N.J. at 116 (third alteration in original) (quoting Margolis &

Novak, <u>Claims Against Public Entities</u>, 1972 Task Force cmt. on N.J.S.A. 59:8-1 (2000)).

In general, a claim accrues on the date when the underlying tortious act occurred. <u>Ben Elazar</u>, 230 N.J. at 134 (citing <u>Beauchamp</u>, 164 N.J. at 117). The date of accrual, however, can be delayed under the discovery rule. <u>Ibid.</u> The discovery rule "may affect the timeliness of a notice of claim . . . by tolling the date of accrual for purposes of computing the ninety-day period set forth in N.J.S.A. 59:8-8(a)." <u>McDade</u>, 208 N.J. at 474. "The discovery rule is an equitable doctrine created by the courts to protect unsuspecting persons from statutory limitations periods during which a claim must be brought or forever lost." <u>Dunn v. Borough of Mountainside</u>, 301 N.J. Super. 262, 273 (App. Div. 1997). Under the discovery rule, a claim does not accrue until the plaintiff "discovers, or by an exercise of reasonable diligence and intelligence should have discovered that he [or she] may have a basis for an actionable claim." <u>Lopez v. Swyer</u>, 62 N.J. 267, 272 (1973).

The New Jersey Supreme Court has explained the connection between the notice requirement under the TC Act and the discovery rule. <u>Beauchamp</u>, 164 N.J. at 118-19. In that regard, the court has stated:

> In determining whether a notice of claim under N.J.S.A. 59:8-8 has been timely filed, a sequential analysis must

be undertaken. The first task is always to determine when the claim accrued. The discovery rule is part and parcel of such an inquiry because it can toll the date of accrual. Once the date of accrual is ascertained, the next task is to determine whether a notice of claim was filed within ninety days. If not, the third task is to decide whether extraordinary circumstances exist justifying a late notice.

[Ibid.]

Under the discovery rule, the accrual date is tolled from the date of the tortious act until the injured party knows of her injury and knows that a third party is responsible for the injury. McDade, 208 N.J. at 475. "When a plaintiff knows he [or she] has 'suffered an injury but [does] not know that it is attributable to the fault of another,' the discovery rule tolls the date of accrual as to that unknown responsible party." Ben Elazar, 230 N.J. at 134-35 (second alteration in original) (quoting Caravaggio v. D'Agostini, 166 N.J. 237, 246 (2001)).

C. The Application of the Discovery Rule to Plaintiff's Tort Claim.

Plaintiff has asserted one tort cause of action: tortious interference with prospective economic gain. To state a claim for tortious interference, a plaintiff must prove four facts: (1) plaintiff had a protectable prospective economic relationship; (2) the relationship was maliciously interfered with; (3) the interference caused the loss of that prospective economic gain; and (4) plaintiff

11

suffered damages.  Printing Mart, 116 N.J. at 751-52; Vosough v. Kierce, 437 N.J. Super. 218, 234 (App. Div. 2014) (quoting DiMaria Constr., Inc. v. Interarch, 351 N.J. Super. 558, 567 (App. Div. 2001), aff'd o.b., 172 N.J. 182 (2002)).

Plaintiff contends that it had a protectable prospective economic gain because it reasonably expected to enter a lease with Nature's Touch.  Plaintiff then contends that its prospective economic gain was lost when the Mayor maliciously blocked Nature's Touch's application to operate a medical marijuana dispensary in the City.  Thus, plaintiff asserts that it suffered damages because Nature's Touch did not lease plaintiff's building.  Concerning the discovery rule, plaintiff asserts that it only learned of the Mayor's malicious action when, in May 2024, it read Pellegrini's allegations that the Mayor had accepted a bribe to block Nature's Touch application.

Given plaintiff's allegations, its injury occurred in January 2022. Nevertheless, on the current record, plaintiff did not know until May 2024, that the Mayor acted with the requisite malicious interference, which is a necessary element to prove tortious interference.  Without knowledge of the Mayor's malicious intent, plaintiff was not aware that an actionable injury had occurred. See Beauchamp, 164 N.J. at 122 (noting a cause of action will not accrue "if a

person does not know he or she has been injured at all"); Lopez, 62 N.J. at 272 (explaining that even if plaintiff knows they have been injured, there may be no "basis for an actionable claim," if they do not know their injury is "attributable to the fault [] of another"). Consequently, on the current record, we hold that plaintiff's tortious interference claim did not accrue until May 2024. Thus, plaintiff filed a timely tort claim notice on August 5, 2024.

Defendants argue that plaintiff's claim is time-barred because, in January 2022, plaintiff knew of its injury. In that regard, defendants point out that plaintiff knew the Mayor had blocked Nature's Touch's application and Nature's Touch was not entering the lease for plaintiff's building. Nevertheless, giving plaintiff the benefit of all favorable inferences, the application of the discovery rule to the facts in this case is warranted. Although plaintiff knew in January 2022 that the Mayor did not issue a letter advancing Nature's Touch's application, plaintiff did not know until May 2024 that the Mayor allegedly took that action maliciously.

Defendants also argue that plaintiff's complaint should be dismissed because it did not move for leave to file a late tort claim notice. That argument is premised on accepting defendants' contention that plaintiff's cause of action accrued more than ninety days before August 5, 2024. Given that the current

record supports plaintiff's contention that it first learned of the Mayor's malicious action on May 17, 2024, the notice was timely under the TC Act. See N.J.S.A. 59:8-8. We point out that if defendants conduct discovery and can show that plaintiff knew or should have known before May 2024 that the Mayor acted improperly, then defendants would still have the right to move for a dismissal or for summary judgment.

D. The Motion to Dismiss for Failure to State a Claim.

Alternatively, defendants argue that plaintiff's complaint fails to state a claim for tortious interference with prospective economic advantage because plaintiff did not have a signed lease with Nature's Touch. We reject this argument on the current record.

As already noted, in reviewing a motion to dismiss under Rule 4:6-2(e), we accept the facts as alleged by plaintiff. Baskin, 246 N.J. at 171 (quoting Dimitrakopoulos, 237 N.J. at 107). Plaintiff has alleged that it had a protectable right because Nature's Touch had been committed to entering the lease so long as it received the license to operate a dispensary in the City. Accepting that allegation, plaintiff has pled facts to support a claim of tortious interference.

On remand, the parties will have the right to conduct discovery. Defendants will also have the right to move for summary judgment if they can

14

show that Nature's Touch was not bound to enter the proposed lease. Moreover, defendants will have the right to move for summary judgment if they can show that the Mayor did not act improperly in not advancing Nature's Touch's application. We express no views on those potential motions and simply note that at this early stage of the litigation defendants have not shown a right to dismiss plaintiff's complaint for failure to state a claim.

Affirmed and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

*M.C. Harley*

Clerk of the Appellate Division

15

A-1763-24