**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0722-24

NATURE'S TOUCH MED NJ,
LLC d/b/a NATURE'S TOUCH,

    Plaintiff-Respondent,

v.

CITY OF HOBOKEN,
RAVINDER SINGH BHALLA,
Individually and as Mayor of
Hoboken,

    Defendants-Appellants.

_____

        Argued October 28, 2025 – Decided December 30, 2025

        Before Judges Gilson, Perez Friscia, and Vinci.

        On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Docket No. L-2720-24.

        Daniel Antonelli argued the cause for appellants (Antonelli Kantor Rivera, PC, attorneys; Daniel Antonelli and Lori D. Reynolds, of counsel and on the briefs; Kathleen P. Ramalho, on the briefs).

        Vincent August Sicari (Vincent A. Sicari, LLC) argued the cause for respondent.

PER CURIAM

Defendants, the City of Hoboken and its former Mayor Ravinder Singh Bhalla, appeal from a September 27, 2024 order granting the motion of plaintiff Nature's Touch Med NJ, LLC (plaintiff or Nature's Touch) to deem, as timely, its notice of claim under the Torts Claims Act (the TC Act), N.J.S.A. 59:1-1 to -12-3. The controlling issue on this appeal is when did plaintiff's tort cause of action accrue.

The underlying dispute concerns the City of Hoboken's (the City) denial of plaintiff's application to operate a medical marijuana dispensary. Plaintiff initially received a favorable recommendation from the City's Cannabis Review Board (the Board) in January 2022. That same month, however, Mayor Bhalla refused to sign the required letter of support, effectively blocking plaintiff's application. Plaintiff asserts that it was unaware of any actionable basis to contest Mayor Bhalla's decision until May 2024, when allegations surfaced in a lawsuit brought by a former City employee, Pantaleo Pellegrini, that Mayor Bhalla had accepted a bribe not to recommend plaintiff's application to operate a medical marijuana dispensary.

We affirm the September 27, 2024 order on the grounds that plaintiff's tortious interference claim did not accrue until it learned of the Mayor's alleged

2

malicious interference, which on the current record, we accept did not occur until May 2024. On remand, however, plaintiff is limited to pursuing one tort claim against the City and Mayor: a claim of tortious interference. If plaintiff seeks to pursue any other tort cause of action, it must move to amend its complaint, and the trial court must conduct a hearing to determine if any other tort cause of action can be timely filed under the TC Act.

I.

We discern the facts from the record on plaintiff's motion. We note that the record is limited because the parties have not engaged in discovery and there was no evidentiary hearing. Therefore, we accept the facts as alleged by plaintiff but recognize that those facts are vigorously disputed by defendants.

Nature's Touch is a limited liability company, which has a medical marijuana dispensary license to operate in New Jersey. In 2022, plaintiff applied for permission to operate a medical marijuana dispensary in the City at 1014 Washington Street.

On January 7, 2022, the Board reviewed plaintiff's application and issued a favorable recommendation to the City's Mayor for a letter of support. On January 10, 2022, plaintiff learned that Mayor Bhalla had refused to sign the required letter of support, effectively blocking its application. Mayor Bhalla did

3

not issue a letter explaining his reasons for not issuing a letter of support, and plaintiff claims that at that time it did not know the reason for Mayor Bhalla's decision.

Instead, plaintiff contends it learned of the grounds for a tort claim against the City and the Mayor in May 2024. Plaintiff asserts that in early May 2024, it became aware of a lawsuit filed by Pellegrini, the former Director of the Department of Health and Human Services for the City, against the City and Mayor. On May 3, 2024, Pellegrini, who had resigned from his position with the City, filed a complaint against defendants alleging wrongful termination and other claims.[1] Pellegrini's complaint was amended on May 7, 2024.

According to Pellegrini's complaint, at a January 14, 2022 meeting, Mayor Bhalla stated that he had received a phone call from Mayor Fulop of Jersey City and Mayor Fulop was "extremely upset and very angry" about the Board's decision to support Nature's Touch's application because his wife planned to open a medical cannabis dispensary in the City. At the same meeting, Mayor Bhalla allegedly stated he would be "quashing" Nature's Touch's application and

---

[1] Defendants assert that Pellegrini is "an aggrieved former employee who voluntarily resigned from his position with the City . . . after it was discovered he engaged in serious acts of misconduct . . . embezzling from the City[.]" Defendants also ask this court to take judicial notice that Pellegrini pled guilty to embezzling money from the City and filing a false tax return.

that, in exchange, Mayor Fulop promised to provide legal work for Mayor Bhalla's private law firm. Plaintiff also asserts that Mayor Fulop's wife is a co-owner of Story Dispensary of Hoboken, LLC (Story Dispensary), and on February 24, 2022, the City's Board approved Story Dispensary's application to operate a medical cannabis retail business in the City.

On May 17, 2024, plaintiff served defendants with a notice of tort claim. The notice alleged the Mayor quashed plaintiff's Board-approved license with the intent to deprive them of business for his own personal enrichment and quid pro quo.

Thereafter, on July 23, 2024, plaintiff moved before the trial court to deem its tort claim notice as timely. In support of its motion, plaintiff submitted certifications from two of its three owners, who claimed they first learned of the Mayor's alleged bribe in the Spring 2024, from the Pellegrini complaint. Plaintiff also submitted a proposed verified complaint, which contained five "counts" but did not identify specific tort causes of action.[2]

---

[2] Plaintiff's verified complaint also named Mayor Fulop and his wife, Jaclyn Thompson, as defendants. The record is not clear if those defendants have been served and have entered appearances. Neither of those defendants is involved in this appeal.

A-0722-24

Defendants opposed the motion. They argued the notice was untimely and the complaint should be barred or dismissed under the TC Act.

On September 27, 2024, the trial court issued an order and short letter opinion granting plaintiff's motion and deeming plaintiff's tort claim notice as timely. In doing so, the trial court relied on Beauchamp v. Amedio, 164 N.J. 111, 118-19 (2000), and reasoned: "[T]he discovery rule applies and justifies the filing of a late claim. Although [p]laintiff was aware its application was denied [in January 2022], it was unaware until the Spring of 2024 that there may have been unlawful reasons for the denial." The trial court did not conduct any hearing to determine when plaintiff learned of its alleged tort claim against the City and Mayor. Instead, the court accepted plaintiff's representations as set forth in the certifications from plaintiff's owners.

Defendants now appeal from the trial court's September 27, 2024 order. This issue is before us under Rule 2:2-3(b)(7). See R. 2:2-3(b)(7) (explaining "orders granting or denying motions to extend the time to file a notice of tort claim pursuant to N.J.S.A. 59:8-9" are appealable as of right).[3]

---

[3] We note that plaintiff did not file a motion to file a later tort claim notice; rather it moved to have the notice deemed timely. Nevertheless, we accept this appeal and if necessary, would grant leave to appeal as if the motion was timely filed.

A-0722-24

## II.

On appeal, defendants make one argument. They allege that the trial court erred by applying the discovery rule and granting plaintiff's motion to deem its notice of tort claim as timely. In support of this argument, defendants contend that the TC Act requires a notice of claim to be filed within ninety days, but no later than one year, from the accrual of the cause of action. They assert that plaintiff's cause of action accrued in January 2022, when it was allegedly injured by the denial of a medical retail cannabis license, and therefore, plaintiff's tort claims are time-barred. So, they ask us to reverse the trial court's order and dismiss plaintiff's complaint with prejudice.

Plaintiff, in response, contends that its cause of action did not accrue until May 2024, when it learned through Pellegrini's complaint of Mayor Bhalla's alleged improper motives for denying its application. Accordingly, plaintiff asserts that its notice was "not only filed within the one-year period for late notice[,] but [was] filed well within the [statutory] ninety[-]day period."

This court reviews the trial court's application of the discovery rule and a decision to deem plaintiff's notice timely de novo. Catena v. Raytheon Co., 447 N.J. Super. 43, 52 (App. Div. 2016); Manalapan Realty, LP v. Twp. Comm., 140 N.J. 366, 378 (1995). The central issue on this appeal is determining when

7

plaintiff's claim of tortious interference accrued. To answer that question, we must evaluate the TC Act's requirements, including the requirement to provide a tort claim notice to the public entity.

A. The TC Act.

The TC Act waives the State's sovereign immunity subject to certain requirements and limitations. See N.J.S.A. 59:1-2 (explaining that "public entities shall only be liable for their negligence within the limitations of [the TC Act] and in accordance with the fair and uniform principles established" in the TC Act). "[G]enerally, immunity for public entities is the rule and liability is the exception." McDade v. Siazon, 208 N.J. 463, 474 (2011) (quoting Fluehr v. City of Cape May, 159 N.J. 532, 539 (1999)).

To proceed with a tort claim against a public entity, a plaintiff must file a notice of claim within ninety days of the accrual of the cause of action. Ben Elazar v. Macrietta Cleaners, Inc., 230 N.J. 123, 133 (2017) (citing N.J.S.A. 59:8-8). A plaintiff may file a late notice of claim within one year of the accrual, provided the plaintiff demonstrates extraordinary circumstances and that the public entity has not been substantially prejudiced. Ibid. (citing N.J.S.A. 59:8-9). The failure to file within ninety days or within one year under extraordinary

circumstances bars a claimant from bringing the tort claim against the public entity or its employees.  Ibid. (citing N.J.S.A. 59:8-8(a)).

To determine if a claimant has provided timely notice, a court must determine the date on which the tort claim accrued.  McDade, 208 N.J. at 475 (quoting Beauchamp, 164 N.J. at 118) (explaining that "[t]he first task is always to determine when the claim accrued").  The TC Act "does not define the date of accrual in any significant way, [but] the comment to [N.J.S.A. 59:8-1] states '[i]t is intended that the term accrual of a cause of action shall be defined in accordance with existing law in the private sector.'"  Beauchamp, 164 N.J. at 116 (third alteration in original) (quoting Margolis & Novak, Claims Against Public Entities, 1972 Task Force cmt. to N.J.S.A. 59:8-1 (2000)).

In general, a claim accrues on the date when the underlying tortious act occurred.  Ben Elazar, 230 N.J. at 134 (citing Beauchamp, 164 N.J. at 117).  The date of accrual, however, can be delayed under the discovery rule.  Ibid.  The discovery rule "may affect the timeliness of a notice of claim . . . by tolling the date of accrual for purposes of computing the ninety-day period set forth in N.J.S.A. 59:8-8(a)."  McDade, 208 N.J. at 474.  "The discovery rule is an equitable doctrine created by the courts to protect unsuspecting persons from statutory limitations periods during which a claim must be brought or forever

lost." Dunn v. Borough of Mountainside, 301 N.J. Super. 262, 273 (App. Div. 1997). Under the discovery rule, a claim does not accrue until the plaintiff "discovers, or by an exercise of reasonable diligence and intelligence should have discovered that he [or she] may have a basis for an actionable claim." Lopez v. Swyer, 62 N.J. 267, 272 (1973).

The New Jersey Supreme Court has explained the connection between the notice requirement under the TC Act and the discovery rule. Beauchamp, 164 N.J. at 118-19. In that regard, the court has stated:

> In determining whether a notice of claim under N.J.S.A. 59:8-8 has been timely filed, a sequential analysis must be undertaken. The first task is always to determine when the claim accrued. The discovery rule is part and parcel of such an inquiry because it can toll the date of accrual. Once the date of accrual is ascertained, the next task is to determine whether a notice of claim was filed within ninety days. If not, the third task is to decide whether extraordinary circumstances exist justifying a late notice.
>
> [Ibid.]

Under the discovery rule, the accrual date is tolled from the date of the tortious act until the injured party knows of her injury and knows that a third party is responsible for the injury. McDade, 208 N.J. at 475. "When a plaintiff knows he [or she] has 'suffered an injury but [does] not know that it is attributable to the fault of another,' the discovery rule tolls the date of accrual as

to that unknown responsible party." Ben Elazar, 230 N.J. at 134-35 (second alteration in original) (quoting Caravaggio v. D'Agostini, 166 N.J. 237, 246 (2001)).

B.     The Application of the Discovery Rule to Plaintiff's Tort Claim.

Plaintiff's complaint does not clearly identify a tort cause of action. At oral argument before us, plaintiff's counsel stated plaintiff was asserting a claim for tortious interference with a prospective economic gain. We hold plaintiff to that representation because the TC Act requires a claimant to clearly identify the specific tort it will pursue. N.J.S.A. 59:8-3(a) ("[N]o action shall be brought against a public entity or public employee under this act[] unless the claim upon which it is based shall have been presented in accordance" with the TC Act).[4]

To state a claim for tortious interference, a plaintiff must prove four facts: (1) plaintiff had a protectable prospective economic relationship; (2) the relationship was maliciously interfered with; (3) the interference caused the loss of that prospective economic gain; and (4) plaintiff suffered damages. See

_____

[4] Read generously, plaintiff's complaint could also support claims of fraud and conspiracy. Nevertheless, on the current record, plaintiff has not demonstrated that a claim for fraud or conspiracy should be tolled under the discovery rule. Consequently, if plaintiff seeks to pursue those claims, it will need to make a motion and the trial court will need to conduct a hearing to determine whether those claims, or any other asserted tort cause of action, were timely under the TC Act.

Printing Mart-Morristown v. Sharp Elecs. Corp., 116 N.J. 739, 746 (1989); Vosough v. Kierce, 437 N.J. Super. 218, 234 (App. Div. 2014) (quoting DiMaria Const., Inc. v. Interarch, 351 N.J. Super. 558, 567 (App. Div. 2001), aff'd o.b., 172 N.J. 182 (2002)).

Plaintiff contends that it had a protectable prospective economic gain because it reasonably expected to be able to operate a medical marijuana dispensary in the City. Plaintiff then contends that its prospective economic gain was lost when the Mayor maliciously interfered with that right by not advancing its application. Thus, plaintiff asserts that it suffered damages. Concerning the discovery rule, plaintiff asserts that it only learned of the Mayor's malicious action when, in May 2024, it heard of Pellegrini's allegations that the Mayor had accepted a bribe to block plaintiff's application.

Given plaintiff's allegations, its injury occurred in January 2022. Nevertheless, on the current record, plaintiff did not know until May 2024, that the Mayor acted with the requisite malicious interference, which is a necessary element to prove tortious interference. In other words, without knowledge of the Mayor's malicious intent, plaintiff was not aware that it had a claim for tortious interference. See Beauchamp, 164 N.J. at 122 (noting a cause of action will not accrue "if a person does not know that he or she has been injured at

A-0722-24

all"); Lopez, 62 N.J. at 272 (explaining that even if plaintiff knows they have been injured, there may be "no basis for an actionable claim," if they do not know their injury is "attributable to the fault [] of another"). Consequently, on the current record, we hold that plaintiff's tortious interference claim did not accrue until May 2024. Thus, plaintiff filed a timely tort claim notice on May 17, 2024.

Defendants argue that plaintiff's claim is time-barred because, in January 2022, plaintiff knew of its injury and that the Mayor had blocked its application. Defendants point out that there was no unknown third party. Defendants are correct in pointing out that many of the existing cases discussing the discovery rule involved discovery of an unknown third party. See Ben Elazar, 230 N.J. at 139-40 (tolling accrual when plaintiffs had no reason to believe that the township owned the property where chemical storage tanks that caused their injury were located); Gallagher v. Burdette-Tomlin Mem'l Hosp., 163 N.J. 38, 43-44 (2000) (tolling accrual until plaintiff learned her after-care physicians were at fault during a deposition for a malpractice suit against her surgeon). Nevertheless, the application of the discovery rule to the facts in this case is still warranted. Although plaintiff knew in January 2022 that the Mayor did not issue

13

a letter advancing its application, plaintiff did not know until May 2024 that the Mayor allegedly took that action maliciously.

To accept defendants' position would encourage potential claimants to file tort claim notices even if they had no basis to believe the governmental action was illegal. See Martinez v. Cooper Hosp.-Univ. Med. Ctr., 163 N.J. 45, 58 (2000) (holding that plaintiff was not required, for the purpose of tolling, to investigate for medical malpractice when there was no evidence of wrongdoing); Big Smoke, LLC v. Township of W. Milford, 478 N.J. Super. 203, 217 (App. Div. 2024) (explaining that municipal actions, including cannabis licensing "enjoy a presumption of validity"). In other words, potential claimants would file notices and then go on a fishing expedition to see if there had been wrongful governmental action or inaction. It would not be consistent with the TC Act nor good public policy to encourage notice of claims that do not have a good faith basis. See Beauchamp, 164 N.J. at 121-22 (quoting Fuller v. Rutgers, the State Univ., 154 N.J. Super. 420, 426 (App. Div. 1977), certif. denied, 75 N.J. 610 (1978)) (noting that the purpose of the tort claim notice requirement is to allow the public entity to settle "meritorious" claims prior to the beginning of a suit). It is, however, consistent with the well-established discovery rule, to toll the accrual of a cause of action until a plaintiff has a basis for an actionable claim.

In summary, on the current record, we affirm the order deeming plaintiff's notice under the TC Act timely. We point out, however, that defendants will have the right to conduct discovery. If they learn of facts showing that plaintiff knew, or should have known, before May 2024 that the Mayor acted improperly, then defendants would have the right to move for a dismissal or for summary judgment. We also point out that plaintiff's claim is limited to a tort action. Plaintiff did not file a timely complaint in lieu of prerogative writs. So, plaintiff cannot argue that the City or Mayor acted arbitrarily, capriciously, or unreasonably in not granting their license.

Affirmed and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

A-0722-24